IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JOAQUIN MARTINEZ-URBANO,**

 Plaintiff,

vs.              Civ. No. 05-1135 JC/ACT

**HEAD ADMINISTRATOR OF
DONA AN DETENTION CENTER, et al.,**

 Defendants.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

  **THIS MATTER** comes before the Court upon Defendants' Supplemental *Martinez* Report filed June 8, 2006, construed as a motion for summary judgment. [Docket No. 18.] This case was referred to the undersigned United States Magistrate Judge on July 6, 2006 to submit proposed findings of fact and recommendation for the disposition of this case pursuant to 28 U.S.C. §636(b)(1). [Docket No. 19] Having considered the pleadings and the relevant law, the Court recommends that Plaintiff's claims be dismissed without prejudice.

## PROPOSED FINDINGS

  1. This is a *pro se*, *in forma pauperis* civil rights action brought under 42 U.S.C. §1983 by Plaintiff Joaquin-Martinez-Urbano. On September 16, 2005, Plaintiff filed his Complaint alleging Defendants violated his constitutional rights by providing inadequate medical care. Specifically,

1

Plaintiff alleges that he suffered from diabetes and was given "incorrect diabetes medications including insulin shots..." Complaint, ¶ 9.  He alleges that Christina Cruz gave him improper doses of insulin.  *Id.* at ¶ 15.  He further alleges that Defendants had a custom or policy of inadequate training and supervision of its employees and failed to hire experienced medical professionals.  *Id.* at ¶¶ 25 and 30.  He makes a demand for compensatory and punitive damages.  *Id*. at 6.

2. Under 42 U.S.C. §1997e(a) of the Prisoner Litigation Reform Act of 1995 ("PLRA"), a prison inmate is required to complete the prison administrative process before suing over prison conditions.  *Booth v. Churner*, 532 U.S. 731 (2001).  Congress has eliminated both the discretion to dispense with administrative exhaustion and the condition that administrative exhaustion be plain, speedy and effective.  Even where the available remedies would appear to be futile at providing the kind of remedy sought, the prisoner must exhaust the administrative remedies available.  *Id.* at 740.  The PLRA's exhaustion requirement applies to all suits about prison life.  *Porter v. Nussle*, 534 U.S. 516, 525 (2002).  In the case of prisoner civil-rights complaints, the prisoner must provide a clear statement of the important facts supporting his claim and explain his attempts to exhaust available administrative remedies.  *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1207 (10th Cir. 2003).

3. In this matter, Plaintiff did not allege in his Complaint that he had exhausted his administrative remedies.  In the *Martinez* report filed by the Defendants on May 10, 2006, Defendants stated they did not find any grievances filed by the Plaintiff relating to improper medical care or to Dr. Christina Cruz.  [Docket No. 16, p. 3.]

4. On April 11, 2006, the Court ordered the Defendants to submit a supplemental *Martinez Repor*t to address the issue of exhaustion of remedies.  [Docket No. 17.]  Plaintiff did not file a timely response to Defendant's supplemental *Martinez* Report.

5.      The undisputed evidence before this Court is that Defendants had a grievance procedure in place while Plaintiff was incarcerated. However, Plaintiff did not file any grievances and thus did not exhaust his administrative remedies.

6.      In the Supplemental *Martinez* Report, Defendants submitted an affidavit from Major Cheryl Roach, Facilities Manager of the Dona Ana County Detention Center. In her affidavit, Major Roach states that there is a grievance policy and procedure that was in effect at the time of Plaintiff's incarceration from October 25, 2002 through December 3, 2003. She further cites the Adult Detainee Handbook, [Docket No. 18, Exhibit 11] which states that there is a detainee grievance procedure to protest, *inter alia*, any violation of a detainee's civil rights is given to all inmates. *Id.* at 5. Also attached to the Affidavit is Exhibit 16 which is entitled Policy and Procedure, Detainee Rights (inmate Grievances). This policy describes the grievance procedure, including the exhaustion of remedies. It also outlines the deadlines for filing a grievance. Docket No. 18, Exhibit 16, at 2-6.

7.      Major Roach states in her affidavit that she asked Officer Nancy Madden, Classification Officer, to review all grievances filed during the time the Plaintiff was incarcerated. Officer Madden prepared a sworn statement that she did not find any grievances filed by the Plaintiff. Docket No. 18, Exhibit 12.

8.      Plaintiff has failed to present any evidence demonstrating that he filed any grievance and the undisputed evidence is that Plaintiff did not file any grievances during his incarceration at the Dona Ana County Detention Center.

9.      As Plaintiff failed to exhaust his administrative remedies, his federal claims should be dismissed without prejudice. *Steele*, 355 F.3d 1207 ("[T]he substantive meaning of § 1997e(a) is clear:  resort to a prison grievance process must precede resort to a court.")

## **RECOMMENDED DISPOSITION**

I recommend that Plaintiff's Complaint filed September 16, 2005 be dismissed without prejudice.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. Sec. 636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to Sec.636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas N.W., Albuquerque, NM 87102.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

                                                 **ALAN C. TORGERSON**
                                                 **UNITED STATES MAGISTRATE JUDGE**